UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
CURTIS EDWARDS and VICTORIA EDWARDS,

                          Plaintiffs,        Docket No:

  -against-                               VERIFIED COMPLAINT AND
                                                     DEMAND FOR JURY TRIAL

Foxwoods Resort Casino; Mashantucket
Pequot Tribal Nation; Mashantucket Pequot
Tribal Police Department; JOHN DOE ,
being the Security Agent employed by Foxwoods
Resort Casino and the individual who detained
Plaintiff Curtis Edwards and Police Officers John Does
1-10 and Jane Does 1-10.Mashantucket Pequot Tribal
 Police Department, being the individuals who detained
and arrested Plaintiff Curtis Edwards,
                                   Defendants
------------------------------------------------------------------X

       PLAINTIFFS   CURTIS EDWARDS  and VICTORIA EDWARDS , by and through their attorney ,Harriet A. Gilliam, hereby submit this Complaint and state and allege as follows:

**PRELIMINARY STATEMENT**

`     1. This is a civil action brought by Plaintiffs, to recover damages where Plaintiffs suffered emotional injuries and damage to their good name and reputation, after Defendants, and their agents and employees knowingly accused Plaintiff CURTIS EDWARDS, of a crime that he had not committed and unlawfully discriminated against Plaintiff CURTIS EDWARDS on the basis of his race and color of his skin.  Plaintiff CURTIS EDWARDS  was wrongfully accused, searched, detained and arrested,

    2. Plaintiffs CURTIS EDWARDS  and VICTORIA EDWARDS  were unlawfully detained and placed in fear of their safety by Defendants Security agent and Police Officers.

    3. Defendants' liability is joint and several for Plaintiffs' serious injuries caused by

1

Defendants' reckless disregard for Plaintiffs' safety, health and welfare and by reckless disregard of Plaintiffs; federal rights to be free from discriminatory treatment.

4. Plaintiffs now seek relief in the form of compensatory damages for pain and suffering, hurt and humiliation and diminution of quality of life. Plaintiff further seeks punitive damages against Defendants and such other and further relief to which the Plaintiffs may be entitled.

## JURISDICTION AND VENUE

5. The jurisdiction of this Court is predicated upon 28 U.S.C. Sections 1331, 1332, 1343 to redress the unlawful deprivation of Plaintiffs' rights guaranteed and protected by federal law. venue is proper in the United States District Court for the Eastern District of New York. pursuant to 28 U.S.C. Section 1391, wherein Plaintiffs reside.

## PARTIES

6. Plaintiff CURTIS EDWARDS is a black male residing in Mastic, County of Suffolk and the State of New York.

7. Plaintiff VICTORIA EDWARDS is a black female residing in Mastic, County of Suffolk, the State of New York and is the wife of Plaintiff, Curtis Edwards..

8 Defendant Foxwoods Casino is located in the State of Connecticut and is owned and operated by Defendant Mashantucket Pequot Tribal Nation which conducts business within the District of this Honorable Court..

9. Defendant John Doe Security Agent is a fictitious name for the security agent who arrested and detained Plaintiff, CURTIS EDWARDS and was employed by or an agent of Defendants Foxwoods Casino, and Defendant tribal council.

2

10.. Defendant Mashantucket Pequot Tribal Nation exists under and by virtue of the laws of the United States, and conducts business within the District of this Honorable Court.

11. Defendant Mashantucket Police Department is a municipal police department .

12. Defendants John Does 1-10 and Jane Does 1-10 are the fictitious names of the police officers on rhe Mashantucket Police Department who unlawfully searched., detained and arrested Plaintiff CURTIS EDWARDS.

## FACTUAL ALLEGATIONS

13.. On October 6, 2016 plaintiffs CURTIS EDWARDS and VICTORIA EDWARDS were patrons of the defendant casino and were invitees of the casino and the hotel.

14. Plaintiff CURTIS EDWARDS was accosted by Defendant John Doe, security agent at the Defendant Casino, and an agent and employee of said casino, and was told that he was under arrest and that he and his wife, Victoria, had to come with him inside the casino where Plaintiffs were detained against their will and were made to believe that they could not leave the area.

15. Defendant Security Agent advised Plaintiff CURTIS EDWARDS that he was being arrested for credit card fraud at the Mohegan Casino and further advised him that the police had been called and were on their way.

16. Defendant Security Agent illegally and unreasonably searched and handcuffed Plaintiff CURTIS EDWARDS, and continued to detain him against his will, accusing him of credit card fraud at the neighboring Mohegan Casino.

17. While in the custody of Defendant Security Agent, Plaintiff CURTIS EDWARDS remained handcuffed and was not permitted to sit down, but remained handcuffed in open view

3

of Casino patrons and staff, some of whom knew him,, causing Plaintiff CURTIS EDWARDS great discomfort, embarrassment and humiliation.

18. Upon information and belief, upon the arrival of the Defendant police officers, Plaintiff CURTIS EDWARDS was again advised of his arrest, remained handcuffed and was treated in such a hostile manner as to cause him to fear for his life and safety. Plaintiff CURTIS EDWARDS was not advised of his Miranda rights.

19. Upon information and belief the Defendant police officers also detained Plaintiff VICTORIA EDWARDS, causing her to be in fear for her safety and wellbeing.

20/. Plaintiffs were never read their Miranda rights.

21. Notwithstanding Plaintiffs' protestations that they had done nothing wrong, Defendant police officers ignored them , while at the same time they had exonerating evidence in the form of a photo of the actual suspect who did not match the physical appearance and clothing of Plaintiff CURTIS EDWARDS . Defendant officers continued to proceed with transporting Plaintiff CURTIS EDWARDS to police headquarters, telling him that he was under arrest and that he was going with them and was going to jail..

22. Plaintiff VICTORIA EDWARDS insisted that the security agent and police officers look at the photo of the suspect which they had in their possession the entire time that Plaintiff CURTIS EDWARDS was detained and placed under arrest, but they refused, acting in such a manner as to case Plaintiff VICTORIA EDWARDS to be placed in fear of her life and safety. after Plaintiff VICTORIA EDWARDS' persistence, one of the police officers finally took a look at the photo of the suspect which Plaintiff VICTORIA EDWARDS had said did not match the appearance nor the clothing of her husband, and Plaintiff CURTIS EDWARDS was finally released from custody.

4

23. Upon being released from custody and detainment, Plaintiff CURTIS EDWARDS proceeded to his hotel room in which he and his wife were registered and while inside the room, the door was opened by an unidentified hotel staff person, who was not dressed as housekeeping staff.  When the person realized that Plaintiff CURTIS EDWARDS  was in his room, they abruptly left, without saying anything.

24. The actions of the hotel staff in entering Plaintiffs' room without permission, caused the Plaintiffs to be placed in such fear that they could not stay in their room that evening as planned, but instead stayed in the lobby until they were able to drive back home the next morning.

25. Upon arriving back home, Plaintiffs received an e-mail from the head of security at Foxwoods, apologizing for what Plaintiffs had experienced, thereby acknowledging the unlawful acts of the security agent  and the police officers.

## FIRST CAUSE OF ACTION FOR ASSAULT AND BATTERY

26. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in paragraphs "1" through "25" with the same force and effect as if more fully set forth in lenfth.

27. Upon information and belief, Defendant John Doe Security Agent, was an employee of Defendant Foxwoods Casino and at all times referenced herein, was acting in the scope of his employment.

28. On or about October 6, 2016, Plaintiffs were lawfully and properly in the defendant casino for the purpose of engaging in gaming activities.

29. Subsequently, while lawfully on the premises of the Foxwoods Casino, Plaintiff CURTIS EDWARDS was willfully, wantonly, maliciously and recklessly assaulted and battered by defendant security agent, who physically grabbed Plaintiff  and detained Plaintiff in an

area outside of the security office of the defendant Casino.

30. As a result of defendants' unlawful contact with Plaintiff CURTISS EDWARDS, he suffered hurt, humiliation and anxiety.

## SECOND CAUSE OF ACTION FOR DETAINMENT FALSE ARREST AND FALSE IMPRISONMENT

31. Plaintiff repeats, reiterates and realleges each and every prior allegation contained in Paragraps "1" through "30" with the same force and effect as if more fully set forth in length.

32. Upon information and belief, ,thee Defendant Casino and tribal council employed, maintained and controlled the security agent Defendant John Doe.

33. That on or about October 6, 2016, Plaintiff CURTIS EDWARDS was detained, arrested and falsely imprisoned pursuant to the false and negligent beliefs of the security agent Defendant John Doe, who acted under the supervision and authority of defendant Foxwoods and the Tribal Council.

34. Plaintiff CURTIS EWARDS and his wife VICTORIA EDWARDS, were detained for an unreasonable and excessive duration of time without just cause.in violation of the Fourth Amendment.

35. Plaintiffs were arrested without authority of laws, in violation of the Fourth Amendment..

36. Plaintiffs were held in custody and were not free to leave, in violation of their Fourth Amendment rights. .

37. As a result of the unlawful detainment and arrest, Plaintiffs suffered great mental distress , hurt, humiliation, fear for their safety and damage to their good name and reputation.

## AS AND FOR A THIRD CAUSE OF ACTION FOR
## UNLAWFUL DETENTION

38. Plaintiffs repeat, reiterate and reallege each and every prior allegation contained In paragraphs "1" through "37" with the same force and effect as if set forth herein at length.

39. Upon information and belief, at all times hereinafter mentioned, on October 6, 2016, the security agent, Defendant John Doe, under the authority of defendants Casino and Tribal Council, unlawfully detained plaintiffs without cause.

40. Upon information and belief, the security officer contacted the defendant John Does and Jane Does police offices without probable cause and under force of threats and duress prevented Plaintiffs from leaving the area where they were being detained against their will.

41. Upon the arrival of defendant police officers, Plaintiff CURTIS EDWARDS was further threatened and detained and arrested and prevented from leaving the premises of the casino., without probable cause, as the police officers had exonerating evidence establishing that Plaintiff CURTIS EDWARDS was not the individual they were seeking, but failed to consider said information before placing Plaintiff, CURTIS EDWARDS, under arrest.

42. As a result of the unlawful actions of the defendant security agent and police officers in violation of Plaintiffs' rights under the Fourth Amendment, Plaintiffs suffered, hurt, humiliation, anxiety, fear for their safety and damage to their character and good name.

## AS AND FOR A FOURTH CAUSE OF ACTION FOR FALSE ARREST

43. Plaintiffs repeat, reiterate and reallege each and every prior allegation contained in Paragraphs "1" through "40 " with the same force and effect as if set forth herein at length.

44. Defendant police officers, were at all times employees or agents of the defendant Police department and were operating under the direction, supervision and control of the

7

the defendant police department.

45. Upon information and belief defendant police officers John Does and Jane Does, falsely detained, searched and arrested Plaintiff CURTIS EDWARDS, without probable cause .

46. Upon information and belief, the police officers had information readily available to them in the form of a surveillance tape which clearly showed that Plaintiff CURTIS EDWARDS did not match the suspect in appearance or clothing.

47. As a result of defendant officers' unlawful conduct, in violation of the Fourth Amendment, Plaintiffs suffered hurt, humiliation, fear for their safety, anxiety, damage to their good name and reputation.

### AS AND FOR A FIFTH CAUSE OF ACTION
### FOR NEGLIGENT HIRING

48. Plaintiffs repeat, reiterate and reallege each and every prior allegation contained in Paragraphs "1" through "47" with the same force and effect as set forth herein at length.

49. Upon information and belief defendant Casino and Tribal Council employed, maintained and controlled the defendant security guard and negligently failed to supervise and train said security guard.

50. . Upon information and belief, defendant police department employed, maintained and controlled the defendant police officers and negligently failed to supervise and train them.

51. As a result of the negligent acts of the defendants, Plaintiffs were subjected to an unlawful detainment, search and arrest causing severe emotion injury and damage to good name and reputation.

## AS AND FOR A SIXTH CAUSE OF ACTION
## DISCRIMINATION BASED UPON SKIN COLOR

52. Plaintiffs repeat, reiterate and reallege each and every prior allegation contained in paragraphs "1" through "51" with the same force and effect as if set forth herein at length.

53. The defendants in their detainment, search, arrest of Plaintiff CURTIS EDWARDS in their individual capacities were motivated by Plaintiff CURTIS EDWARDS' skin color

54. As a proximate result of defendants' discriminatory and unlawful actions, Plaintiffs suffered emotional stress, hurt, humiliation, fear for their safety and damage to their good name and reputation .

## AS AND FOR A SEVENTH CAUSE OF ACTION
## TRESPASS

55. Plaintiffs repeat, reiterate and reallege each and every prior allegation contained in paragraphs "1" through "55" with the same force and effect as if set forth herein at length.

56. On October 6, 2016, employees of defendant casino, enter Plaintiffs' hotel room without permission and for no legitimate purpose or reason.

57. Defendant Casino's agents/ actions caused Plaintiffs great fear and anxiety.

## DAMAGES

WHEREFORE Plaintiffs pray for compensatory damages against the defendants jointly and severally in the amount of Ten Million Dollars, punitive damages where appropriate, plus the costs of this action, attorney's fees and any other such relief as the court deems just and equitable.

Dated: Riverhead, New York
      October 5, 2017

                                                  /s/
                                  _____
                                  HARRIET A. GILLIAM
                                  Attorney for Plaintiffs
                                  P.O. Box 1485
                                  Riverhead, NY  11901
                                  631-369-1400

10