| UNITED STATES DISTRICT COURT | For Online Publication Only |
| EASTERN DISTRICT OF NEW YORK | |

-----------------------------------------------------------------X

CURTIS EDWARDS and VICTORIA EDWARDS,

                Plaintiff,

-against-

FOXWOODS RESORT CASINO;
MASHANTUCKET PEQUOT TRIBAL NATION;
MASHANTUCKET PEQUOT TRIBAL POLICE
DEPARTMENT; JOHN DOE, BEING THE
SECURITY AGENT EMPLOYED BY
FOXWOODS RESORT CASINO AND THE
INDIVIDUAL WHO DETAINED PLAINTIFF
CURTIS EDWARDS AND POLICE OFFICERS
JOHN DOES 1-10 AND JANE DOES 1-10.
MASHANTUCKET PEQUOT TRIBAL POLICE
DEPARTMENT, BEING THE INDIVIDUALS
WHO DETAINED AND ARRESTED PLAINTIFF
CURTIS EDWARDS,

                Defendants.

**MEMORANDUM & ORDER**
17-CV-05869 (JMA) (SIL)

**FILED**
**CLERK**
2/7/2019 12:36 pm
**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

-----------------------------------------------------------------X

**APPEARANCES:**

Harriet A. Gilliam, Esq.
P.O. Box 1485
Riverhead, NY 11901
    *Attorney for Plaintiffs*

Keith M. Harper
Kilpatrick Townsend & Stockton, LLP
607 14th Street, N.W., Suite 900
Washinton, D.C. 20005
    *Attorney for Defendants*

**AZRACK, United States District Judge:**

    Currently pending before the Court is a motion to dismiss filed by Defendants. As explained below, the Court grants Defendants' motion because the Court lacks subject matter jurisdiction over Plaintiffs' claims.

# I. BACKGROUND

For the purpose of this motion, the Court accepts the following factual allegations contained in the Complaint, (ECF No. 1), as true.

On October 6, 2016, Plaintiff Curtis Edwards ("Curtis") and Victoria Edwards ("Victoria") visited the Foxwoods Resort Casino. (See Compl. ¶ 13.) Plaintiffs are both New York residents. While inside the Casino, they were confronted and detained by Casino security on suspicion of credit card fraud at the neighboring Mohegan Sun Casino. Curtis was informed that he was being arrested and that the police were on their way. (Compl. ¶¶ 13–17.) Upon the arrival of Tribal police, Curtis was advised again that he was under arrest and would be transported to police headquarters. (Compl. ¶¶ 18–21.) Victoria insisted the officers examine a photo of the suspect. Once the police confirmed that Curtis did not match the appearance of the suspect, he was released from custody. (Compl. ¶¶ 22.) When Plaintiffs returned to their hotel room, an unidentified employee of the hotel opened Plaintiffs' room, saw them, and abruptly left. (Compl. ¶¶ 18–25.)

Defendant Foxwoods Resort Casino is a business "located in the State of Connecticut[.]" (Compl. ¶ 6.) Plaintiffs' opposition brief clarifies that Defendant Foxwoods' correct name is the Mashantucket Pequot Gaming Enterprise (the "Gaming Enterprise"). The Gaming Enterprise is owned by Defendant Mashantucket Pequot Tribal Nation (the "Tribe"), an Indian tribe that exists "under and by virtue of the laws of the United States[.]" (Compl. ¶¶ 8, 10.) Defendant John Doe Security Agent is an employee of the Gaming Enterprise and the Tribe. (Compl. ¶ 9.) The Mashantucket Pequot Police Department (the "MPPD") is a municipal police department and defendant John Does 1-10 and Jane Does 1-10 are employed as police officers in the department. (Compl. ¶¶ 11–12.)

Plaintiffs' complaint alleges violations of the Fourth Amendment based on: (1) false imprisonment; (2) false arrest; and (3) unlawful detention. Plaintiffs also allege that the actions of

the Tribal police officers underlying these violations were motivated by Plaintiffs' race. Additionally, Plaintiffs bring state law claims of (1) assault and battery; (2) negligent hiring; and (3) trespass.

Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1), for lack of subject matter jurisdiction, and Federal Rule of Civil Procedure 12(b)(2), for lack of personal jurisdiction.

## II. DISCUSSION

### A. Standard of Review

Federal Rule of Civil Procedure 12(b)(1) requires the dismissal of a claim when there is a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). A court should grant a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction if the court is not authorized to adjudicate the plaintiff's claims. Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000) ("A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it."). The party asserting subject matter jurisdiction carries the burden of proving its existence by a preponderance of the evidence. Id. When reviewing a motion to dismiss under Rule 12(b)(1), the Court accepts all factual allegations in the complaint as true. Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). In determining jurisdiction, however, a court may also look to evidence outside the pleadings. See Krechmer v. Tantaros, No. 17-CV-4061, 2018 WL 4044048, at *3 (2d Cir. Aug. 24, 2018) (citing Kamen v. Am. Tel. & Tel. Co., 791 F.2d 1006, 1011 (2d Cir. 1986)).

### B. Parties' Arguments

Plaintiffs' complaint alleges that the Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 1331, 1332, 1343, and the Fourth Amendment of the United States Constitution.

In support of their motion, Defendants argue that subject matter jurisdiction is lacking because: (1) Plaintiffs fail to a raise a federal question; (2) Indian tribes are not citizens of a state and therefore destroy complete diversity; (3) 28 U.S.C. § 1343 is not an independent source of jurisdiction; and (4) Tribal Sovereign Immunity precludes Plaintiff's claim. Defendants also argue that Plaintiffs' conclusory allegations are insufficient to establish personal jurisdiction.

In response, Plaintiffs' motion papers argue that: (1) the allegations of racial profiling and constitutional violations are sufficiently pled and raise federal questions; and (2) any claim of sovereign immunity has been waived by "Sovereign Immunity Waiver Ordinance Number 011092-01," which the Tribe enacted.

As discussed below, none of Plaintiffs' arguments establish that the Court has subject matter jurisdiction over Plaintiffs' claims. Because the Court lacks subject matter jurisdiction over Plaintiffs' claims, the Court does not reach the question of whether Plaintiffs' claims are also barred by Tribal Sovereign Immunity. Similarly, it is unnecessary to resolve the challenge to personal jurisdiction raised by Defendants.

### C. The Court Lacks Subject Matter Jurisdiction Under § 1331

28 U.S.C. § 1331 provides that "the district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." Within the meaning of § 1331, a case arises under federal law when "a well pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal law." Empire Healthchoice Assurance,

Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (internal quotation marks and citations omitted). Section 1331 can be invoked when the plaintiff pleads a "colorable claim" arising under the Constitution or federal law. Arbaugh v. Y & H Corp, 546 U.S. 500, 513 n.10 (2006).

Here, there are no colorable federal claims. To the extent Plaintiffs seek to invoke federal question jurisdiction by claiming the Defendants violated their rights under the Fourth and Fourteenth Amendments, such an argument is unavailing. These constitutional protections do not apply to Defendants. Moreover, Plaintiffs cannot sue Defendants under 42 U.S.C. § 1983 ("Section 1983") because none of the Defendants were acting under the color of state law.

Because Tribal Nations are seen as "separate sovereigns pre-existing the Constitution, tribes have historically been regarded as unconstrained by those constitutional provisions framed specifically as limitations on federal or state authority." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 56 (1978). Accordingly, the Bill of Rights and the Fourteenth Amendment do not apply to Indian tribes. Id. at 49.

As Defendants point out, "[t]he proper vehicle for relief for constitutional deprivations stemming from tribal action is [the Indian Civil Rights Act ("ICRA")]." Pitre v. Shenandoah, 633 F. App'x 44, 45 (2d Cir. 2016). In ICRA, Congress imposed "certain restrictions upon tribal governments similar, but not identical, to those contained in the Bill of Rights and the Fourteenth Amendment." Santa Clara Pueblo, 436 U.S. at 57. However, Plaintiffs do not seek relief under ICRA and, even if they did, "ICRA provides no private right of action against a tribe or tribal officials and may only be enforced in tribal court or by means of a petition for habeas corpus in federal court." Pitre, 633 F. App'x at 45.

Plaintiffs' opposition brief asserts, without any supporting authority, that their constitutional claims can be pursued against Defendants through an action under Section 1983.

However, as explained above, the constitutional protections Plaintiffs seek to enforce are not applicable to Indian tribes. Moreover, the alleged facts only involve tribal actions. As such, Plaintiffs cannot invoke Section 1983 because Defendants did not act under color of state law. Pitre, 633 F. App'x at 45; cf. Inyo Cty., Cal. v. Paiute–Shoshone Indians of the Bishop Cmty. of the Bishop Colony, 538 U.S. 701 (2003) (Stevens, J., concurring) ("The text of § 1983—which provides that § 1983 defendants are 'person[s] who, under color of [State law,]' subject any 'other person' to a deprivation of a federal right—adequately explains why a tribe is not a person subject to suit under § 1983. For tribes generally do not act under color of state law.") (alterations in original).

In light of the above, Plaintiffs have failed to state any colorable federal claims. Thus, Plaintiffs' complaint does not establish subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The complaint also alleges jurisdiction based on § 1332 and § 1343. Defendants argue that neither of these statutes provide jurisdiction over this action. In their opposition papers, Plaintiffs do not address diversity jurisdiction or § 1343 in any fashion. "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Laake v. Turning Stone Resort Casino, 740 F. App'x 744 (2d Cir. 2018), petition for cert. filed (Jan. 8, 2019). Because Plaintiffs have not raised any arguments in favor of diversity jurisdiction or jurisdiction under 28 U.S.C. § 1343, the Court finds that any such arguments have been waived. Accordingly, the Court dismisses this action for lack of subject matter jurisdiction. Thus, it is unnecessary to address Defendants' arguments concerning sovereign immunity or personal jurisdiction.

**D. Leave to Amend**

Leave to file an amended complaint should be granted "freely . . . where justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[a] district court has discretion to deny leave for good reason, including futility . . . ." McCarthy v. Dun & Bradstreet Corp, 482 F.3d 184, 200 (2d Cir. 2007) (citing Foman v. Davis, 371 U.S. 178, 182 (1962)). Where a proposed amendment to a pleading could not withstand a motion to dismiss, it is considered futile. See Dougherty v. Town of North Hempstead Bd. of Zoning Appeals, 282 F.3d 83, 87 (2d Cir. 2002) (citing Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991)).

In their opposition brief, Plaintiffs requested leave to amend their complaint to add the Mashantucket Pequot Gaming Enterprise as a defendant "and to further allege the casino's contact with plaintiffs in the state of New York." (Pls.' Mem. at 7.) Both of these proposed amendments are futile. Adding the Gaming Enterprise as a defendant would not alter any of the Court's conclusions that it lacks subject matter jurisdiction over Plaintiffs' claims. Similarly, additional allegations concerning personal jurisdiction are also irrelevant because the Court lacks subject matter jurisdiction over Plaintiffs' claims.

### III. CONCLUSION

For the forgoing reasons, Defendants' motion to dismiss for lack of jurisdiction is GRANTED. The Clerk of Court is directed to close the case.

**SO ORDERED.**

Dated: February 7, 2019
Central Islip, New York

_____/s/ (JMA)_____
JOAN M. AZRACK
UNITED STATES DISTRICT JUDGE